■ In the Matter of VERON ROBERTS, Appellant, v MICHAEL DOWLING, as Social Services Commissioner of the State of New York, et al., Respondents. [627 NYS2d 371] —Judgment, Supreme Court, New York County (Robert Lippmann, J.), entered November 30, 1994, which denied the within CPLR article 78 petition seeking to annul a determination by the Commissioner of the New York State Department of Social Services, affirming the New York City Department of Social Services' denial of petitioner's application for emergency assistance to pay rent arrears, unanimously affirmed, without costs.

The legislative intent underlying Social Services Law § 350-j is to provide protection for families with dependent children in sudden and unexplained emergencies, and not to remedy the anticipated demands of everyday life (*Baumes v Lavine*, 38 NY2d 296, 304). The record on appeal establishes that the threat of imminent eviction was not caused by a "catastrophic occurrence" not under petitioner's "control", as required by subdivision (2) (d) and (e) of the statute, but rather by a series of conscious, voluntary choices that she made. Petitioner chose to initially withhold rent so she could move to a better apartment. However, when her son in college lost his work-study aid, and when the environment of her younger son's school necessitated enrolling him in a private school, she used the rent money she accumulated over a year and a half to pay for these tuition expenses. As in *Matter of Ayanfodun v Sobol* (207

AD2d 304, 305), where we held that the petitioner's choice to use his money to repay "loan sharks" and to send money to relatives in his native Nigeria for medical care constituted " 'anticipated demands created as the result of everyday life' ", so too here, petitioner's choice to aid her children rather than pay her rent constituted an expected occurrence precluding emergency assistance.

Moreover, petitioner failed to make the showing required by subdivision (2) (d) that there was an "emergency need" or that the circumstances have caused the "destitution" of the household. It is not disputed that petitioner earns an annual salary of $24,000, and although this does not provide for a luxurious lifestyle, it was not unreasonable for the State respondent to conclude that petitioner could relocate on the present household income. Contrary to petitioner's assertion, it was not the Administrative Law Judge's responsibility at the hearing to inquire further and help her find evidence to support her claim of destitution. Concur—Rosenberger, J. P., Ellerin, Ross, Williams and Tom, JJ.