■ In the Matter of JOSEPH PALMER, Petitioner, v ROBERT DOAR, as Commissioner of the New York State Office of

Temporary and Disability Assistance, et al., Respondents. [813 NYS2d 426]—

Determination of respondent New York State Office of Temporary and Disability Assistance, dated August 12, 2004, upholding a determination by respondent City Department of Social Services to restrict petitioner's Medical Assistance authorization to a single primary provider and a single pharmacy, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Karen S. Smith, J.], entered April 18, 2005) dismissed, without costs.

There was substantial evidence adduced at the hearing to show that, while receiving Medical Assistance, petitioner obtained a prescription for a nutritional supplement from his primary care doctor and an overlapping prescription for a nearly identical nutritional supplement from a second doctor, and that, during a five-month period, he used seven pharmacies to obtain 59 prescriptions. The record accordingly demonstrates that petitioner received "duplicative, excessive, contraindicated or conflicting health care services, drugs, or supplies" (see 18 NYCRR 360-6.4). Contrary to petitioner's argument, the recipient information packet accompanying the notice of intent to restrict Medicaid served on petitioner (see 18 NYCRR 360.6-4 [a] [4]) was not improper or based on a legally inadequate investigation. Nor do we find that the administrative law judge was remiss in performing his regulatory duties (see Matter of Roberts v Dowling, 216 AD2d 13, 14 [1995]). Concur—Nardelli, J.P., Williams, Catterson, McGuire and Malone, JJ.